UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
GABRIEL PABON,

                Plaintiff,

  - against -

NEW YORK CITY TRANSIT AUTHORITY,
a/k/a NYCTA, a/k/a NYCT, METROPOLITAN
TRANSPORTATION AUTHORITY, a/k/a MTA,
ANTHONY BARTOLOTTA, MICHAEL
LOMBARDI and RICARDO JOHN,

                Defendants.
------------------------------------------------------X

ORDER
06-CV-2859 (RRM)(LB)

MAUSKOPF, United States District Judge.

      Pursuant to Federal Rule of Civil Procedure 60 and Local Rule 6.3, Plaintiff Gabriel Pabon moves *pro se*[1] for reconsideration of the Court's March 31, 2010 Order granting Defendants' motion for summary judgment and dismissing the case in its entirety. (Docket no. 81). That motion, filed on April 23, 2010, is denied.

      Reconsideration or reargument is merited if the party can "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999). The matters must "reasonably be expected to alter the conclusion reached by the court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). Relevant case law further provides that Local Rule 6.3 should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court" and may not be used to advance new facts, issues or arguments not previously presented to the Court. *Id.* at 461-62. Moreover, Rule

---

[1] Plaintiff is currently represented by counsel, although he presently proceeds *pro se* in this particular instance, alleging that his attorney has declined to assist him in interposing the instant motion for reconsideration.

6.3, which also governs the timing of such motions, expressly requires that, to be timely, the motion must be filed within 14 days following entry of the disputed order.

Based upon the legal standard articulated above, this Court finds Plaintiff's reconsideration motion untimely; having been filed on April 23, 2010, nine days after the period proscribed by Local Rule 6.3. *Cf. Darnley v. Ameriquest Mortg. Co.*, No. 06-CV-4265 (DLI), 2010 WL 1037971, at *1 (E.D.N.Y. Mar.17, 2010). That fact alone warrants denial of reconsideration. Even assuming, however, that Plaintiff's motion was timely – which it is not – this Court has reviewed the arguments in support of reconsideration and finds them to be unavailing. Specifically, Plaintiff fails to contend that there has been an intervening change in controlling law, nor does he indicate that new evidence has become available, nor that any manifest injustice will otherwise result. *Id.* As such, Plaintiff fails to establish sufficient ground for relief under Fed. R. Civ. P. 60(b), and merely seeks to re-litigate this Court's summary judgment decision, his motion for reconsideration is therefore DENIED.

SO ORDERED.

Dated: Brooklyn, New York
May 11, 2010

/S/
ROSLYNN R. MAUSKOPF
United States District Judge

2